RENDERED: JANUARY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1520-MR

TARELL THOMAS        APPELLANT

APPEAL FROM HICKMAN CIRCUIT COURT
v.     HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 10-CR-00022

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE: Appellant, Tarell Thomas, *pro se*, appeals the Hickman Circuit

Court's order denying his motion for relief pursuant to CR[1] 60.02. Having

reviewed the record, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

In 2011, a jury convicted Appellant on four counts: (1) complicity to commit burglary in the first degree; (2) complicity to commit robbery in the first degree; (3) complicity to commit assault in the second degree; and (4) intimidating a participant in the legal process. On these counts, the jury recommended a sentence of thirty years, and the judge, accordingly, so sentenced Appellant. He then appealed his conviction to the Kentucky Supreme Court, which affirmed the conviction on all meritorious grounds. *See Thomas v. Commonwealth*, No. 2011-SC-000557-MR, 2013 WL 1188030, at *1 (Ky. Mar. 21, 2013).

On September 9, 2021, Appellant initiated this action by filing a CR 60.02 motion to vacate the judgment, arguing the Commonwealth violated his constitutional protections against double jeopardy. The circuit court did not grant the relief requested, relying on the reasoning given in *Oliver v. Commonwealth*, No. 2012-SC-000153-MR, 2013 WL 4680423, at *1 (Ky. Aug. 29, 2013).

On appeal, Appellant argues his conviction for complicity to commit burglary, robbery, and assault violate the constitutional principles the United States Supreme Court teased out in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). The Commonwealth presents several procedural challenges. These challenges are not without merit; however, we will address Appellant's claims because they implicate constitutional protections.

Pursuant to *Blockburger*, "[d]ouble jeopardy does not occur when a person is charged with two crimes arising from the same course of conduct, as long as each statute 'requires proof of an additional fact which the other does not.'" *Commonwealth v. Burge*, 947 S.W.2d 805, 809 (Ky. 1996) (quoting *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182). *See also* KRS[2] 505.020. *Blockburger* derives these principles from the Fifth Amendment to the United States Constitution, which reads: "No person shall . . . be subject for the same offen[s]e to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V. Kentucky's constitution similarly contains a double jeopardy clause in § 13, and the General Assembly codified *Blockburger*'s same element test in KRS 505.020. *See* KY. CONST. § 13 ("No person shall, for the same offense, be twice put in jeopardy of his life or limb . . . ."); KRS 505.020 ("(1) When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when: (a) One offense is included in the other . . . .").

Thus, following *Blockburger*: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

[2] Kentucky Revised Statutes.

*Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182. Accordingly, we turn to the elements of each of Appellant's offenses to determine if they are separate offenses or only one.

As applicable here, and pursuant to KRS 508.020, one is guilty of second-degree assault "when: . . . [h]e intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument . . . ." KRS 508.020(1)(b). On the other hand, one is guilty of first-degree burglary when: "with the intent to commit a crime, he . . . knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building . . . he . . . [i]s armed with explosives or a deadly weapon[.]" KRS 511.020(1)(a). Finally, one is guilty of first-degree robbery "when, in the course of committing theft, he . . . uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and . . . he . . . [c]auses physical injury to any person who is not a participant in the crime[.]" KRS 515.020(1)(a).

One may be convicted of each of these offenses, arising from the same occurrence, without violating an individual's rights against double jeopardy.[3] Each offense involves an additional fact that the other does not require. *See Clark*

---

[3] We do note, however, a jury convicted Appellant of complicity to commit these crimes, though this has no bearing on our analysis.

*v. Commonwealth*, 267 S.W.3d 668, 675-76 (Ky. 2008). We commend Appellant for his well-written *pro se* brief; Appellant misunderstands the *Blockburger* test.

Primarily, Appellant argues that the elements of robbery and burglary subsume the two elements of assault ((1) serious physical injury caused (2) by a deadly weapon). He contends that because assault does not contain an element that robbery and burglary also do not, his double jeopardy rights are violated. However, to apply *Blockburger* correctly, one must compare each offense to each of the others and not compare offenses as groups of charges.

Accordingly, to be convicted of assault and robbery does not violate double jeopardy because both require an additional fact to be proven that the other does not: second-degree assault requires an injury caused by the use of a deadly weapon, whereas first-degree robbery requires a theft. Additionally, to be convicted of assault and burglary does not violate double jeopardy because, again, both require an additional fact that must be proven at trial: second-degree assault requires a physical injury, but first-degree burglary requires entering unlawfully into a building. Finally, to be convicted of burglary and robbery does not violate double jeopardy because, again, both require an additional fact to be proven that the other does not: first-degree burglary requires entering unlawfully into a building, but robbery requires a theft. Thus, we find no violation of Thomas'

rights under the Fifth Amendment to the U.S. Constitution, nor Section 13 of the Kentucky Constitution.

There is no proviso to the *Blockburger* analysis that when more than two crimes are charged the elements of each charged are compared with the combined elements of all the remaining charges. Instead, one must test individual charges against individual charges to determine if each requires an additional, different fact not found in each of the other individual charges.

For the reasons stated above, we affirm the circuit court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Tarell Thomas, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky